## UTILITY FINANCE COMPANY v. HENRY C. SPANGENBERG AND OTHERS.[1]

March 1, 1935.

No. 30,254.

*Leo A. Reuther,* for appellant.
*R. F. Schroeder,* for respondents.

PER CURIAM.

Plaintiff appeals from an order denying its motion for a new trial and for certain other relief not here important.

Plaintiff brought suit in claim and delivery to obtain possession of a Chevrolet automobile upon which it claimed to hold a mort-

[1]Reported in 259 N. W. 544.

gage. The defendant Henry C. Spangenberg alone answered and is the only defendant now before the court. The plaintiff based its right to recover possession of the automobile on a chattel mortgage executed by one Carl Spangenberg, a son of the defendant, and default in payment under said chattel mortgage. The defendant answered, claiming that he was, at the time the chattel mortgage was given and at all times thereafter, the sole owner of the automobile, and that he had not consented to nor authorized any chattel mortgage on the car. The case was tried before the court and a jury and, at the close of the evidence, it was agreed that the only question for the jury to decide was: Who was the owner of the car in question on May 26, 1933, at the time the chattel mortgage was given? Pursuant to this agreement, the court so instructed the jury in a clear charge, to which no objection was made or exception taken.

The only question for review is whether there is any evidence to sustain the jury's verdict that the defendant was the owner of the automobile on May 26, 1933. Plaintiff claims that the evidence shows as a matter of law that defendant was not the owner. We are unable so to hold. The defendant's testimony as to his ownership of the car is not so improbable or so clearly false that we can say that it should be wholly disregarded, and the credibility of the witnesses and the weight of the testimony of each witness were questions for the jury rather than for this court. The verdict of the jury settles the question of ownership of the car, and we find no other question of any importance in the case. It follows that the order appealed from must be and is affirmed.

Affirmed.